**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MARK STEPHEN CHAFFIN,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-022-Y** |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Mark Stephen Chaffin, #835074, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Bonham, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. Procedural History

Chaffin is serving a six-year sentence for indecency with a child under Case No. 0407361W in the Criminal District Court Number Three of Tarrant County, Texas.  (Parole R. at 3.)  By way of this petition, filed on December 29, 2005,[1] Chaffin argues that he is being denied credit toward completion of his sentence for the time he spent on parole and/or mandatory supervision.  (Petition at 4.)  Dretke has filed an answer supported by a brief and documentary exhibits.  Chaffin has not filed a reply.

D. Rule 5 Statement

Dretke asserts that Chaffin's time-credit claims are time-barred, in part, and unexhausted, in part.  (Resp't Answer at 3-9.)  *See* 28 U.S.C. § 2254(b)(1)-(2).

E. Exhaustion of State Remedies

Dretke asserts that Chaffin has not properly exhausted his state administrative and court remedies because he has failed to challenge the denial of time credit through the prison's dispute resolution process followed by the appropriate state writ application.  (Resp't Answer at 6-9.)

Applicant's seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1), (c)[2]; *Fisher v. Texas*,

---

[1]A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998).

[2]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —

(A) the applicant has exhausted the remedies available in the courts of the State; or

(continued...)

169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999); *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claim in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

A Texas prisoner challenging the failure to be awarded time credits toward his sentence may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claim to the Texas Court of Criminal Appeals in a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Procunier*, 762 F.2d at 432. *See also Ex Parte Bates*, 978 S.W.2d 575, 576-77 (Tex. Crim. App. 1998). Moreover, before seeking relief under article 11.07, Texas inmates are generally required to first pursue time-credit complaints through a dispute resolution process within

---

[2](...continued)

> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> .      .      .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

the prison system.  *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).[3]  Only after such

administrative relief is pursued and the inmate receives a written decision issued by the highest

authority provided for in the resolution system, or if 180 days have passed without receipt of such

a written decision, may the inmate then file a state application for writ of habeas corpus.[4]  *See id.*

501.0081(b)(1)-(2); *Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).  Chaffin has not

---

[3]Section 501.0081 of the Texas Government Code provides:

(a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.

(b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

(1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

(2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges time-served credit error.

(c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge.  An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

[4]Note the exception under subsection (c) for those inmates who are near their discharge date. *See id.* § 501.0081(c) (inmates who are within 180 days of their presumptive parole release date, date of release to mandatory supervision, or date of discharge may use either the administrative dispute resolution process, or submit a state application for writ of habeas corpus directly to the court, if the writ of habeas corpus is not otherwise barred).

4

availed himself of the administrative review process set forth in § 501.0081 or sought habeas relief in state court.  (Resp't Answer, Exhibits B & C.)

Thus, to satisfy the exhaustion requirement, Chaffin must first pursue his claims, both, through the administrative process, if necessary, and by way of state application for writ of habeas corpus.  Only after his state remedies are concluded may he raise his complaint in this court by way of a federal petition pursuant to 28 U.S.C. § 2254.  *Rose v. Lundy*, 455 U.S. 509, 518 (1982).[5] Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Chaffin, he cannot now proceed in this court in habeas corpus.  *See* 28 U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5ᵗʰ Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5ᵗʰ Cir. 1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Chaffin can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II.  RECOMMENDATION

It is therefore recommended that Chaffin's petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.[6]

---

[5]It is noted that the District Court may, in its discretion, deny relief on the instant federal petition notwithstanding the failure to exhaust.  28 U.S.C. § 2254(b)(2).

[6]The issue of limitations is not addressed in these findings due to the recommended disposition, however, Chaffin is cautioned that 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a federal petition from the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).  The statute of limitations is subject to tolling under certain circumstances.  28 U.S.C. § 2244(d)(2).

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 26, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 26, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

6

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 5, 2006.


       /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

7